UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JACOB MILTON,

                Plaintiff,                   **MEMORANDUM & ORDER**
                                                                     16-CV-3837 (MKB) (JO)

                v.

OCWEN MORTGAGE SERVICING, INC.,
OCWEN LOAN SERVICING, LLC, DEUTSCHE
BANK NATIONAL TRUST COMPANY, *as
trustee for WMC Mortgage Corporation*, JOHN
MESSER, JURIS ABSTRACTION
CORPORATION, and WMC MORTGAGE
CORPORATION,

                Defendants.
-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

        Plaintiff Jacob Milton commenced the above-captioned action on June 13, 2016, against Defendants Ocwen Mortgage Servicing, Inc., Ocwen Loan Servicing, LLC (collectively, the "Ocwen Defendants"), WMC Mortgage Corporation, Deutsche Bank National Trust Company ("DBNTC") as trustee for WMC Mortgage Corporation, John Messer and Juris Abstraction Corporation. (Compl., Docket Entry No. 1.) The Complaint asserts causes of action under section 2607 of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, New York General Business Law section 349, and common law claims for fraud, conspiracy to commit fraud and "unconscionability," all arising from a home mortgage and the foreclosure of the mortgage. (*See generally* Compl.) On September 8, 2016, the Ocwen Defendants and DBNTC moved to dismiss the Complaint pursuant to Rules 12(b)(4) and 12(b)(6) of the Federal

Rules of Civil Procedure.[1] (Defs. Mot. to Dismiss, Docket Entry No. 18; Defs. Mem. of Law in Supp. of Defs. Mot. to Dismiss ("Defs. Mem."), Docket Entry No. 18-1.) On November 14, 2016, the Court referred Defendants' motion to Judge Orenstein for a report and recommendation. (Order dated Nov. 14, 2016.) By report and recommendation dated February 15, 2017 (the "R&R"), Judge Orenstein recommended that the Court grant Defendants' motion to dismiss with prejudice. (R&R 1.) No party has objected to the R&R. For the reasons discussed below, the Court adopts the R&R in part and declines to adopt it in part. The Court adopts the R&R as to the RESPA claim and declines to exercise supplemental jurisdiction over the state law claims. Accordingly, the Court grants Defendants' motion to dismiss the Complaint.

## I. Background

### a. Factual background

The Court assumes the parties' familiarity with the facts of the case, which are set forth in greater detail in the R&R. Plaintiff obtained a mortgage on a property located at 39-12 61st Street, Woodside, New York 11377 (the "Property"). (Compl. ¶ 9.) On November 1, 2007, Plaintiff defaulted on his obligations under the mortgage, and on February 21, 2008, DBNTC commenced a foreclosure action in Queens County Supreme Court against the Property (the "Foreclosure Proceeding"). (State Foreclosure Action Compl., Docket Entry No. 18-5.) Plaintiff did not answer the complaint in the Foreclosure Proceeding, and on December 16, 2008, the state court entered a default judgment against Plaintiff and a Judgment of Foreclosure and Sale for the

---

[1] Defendants WMC Mortgage Corporation, John Messer and Juris Abstraction Corporation have not appeared in the action. For purposes of this Memorandum and Order, the Court uses "Defendants" to refer to the Defendants who appeared in the action.

2

Property. (Judgment of Foreclosure and Sale dated Dec. 16, 2008, Docket Entry No. 18-6.) Following the entry of judgment in the Foreclosure Proceeding, Plaintiff filed several orders to show cause delaying the sale of the Property.[2] (State Court Filings, Docket Entry Nos. 18-7–18-10, 18-12–18-13.)

On July 20, 2015, Plaintiff filed another order to show cause to vacate the Judgment of Foreclosure and Sale. (Foreclosure Proceeding Order dated July 29, 2015, Docket Entry No. 18-15.) The application was denied, and the state court held that Plaintiff could not "continue to make motions to vacate a Judgment which was rendered in 2008," particularly where the "applications have all been denied" and where Plaintiff "provide[d] no sufficient basis to grant any relief to [him]." (*Id.*) On December 11, 2015, the state court issued an order granting the Trustee's application to proceed with the sale of the Property. (Foreclosure Proceeding Order dated Dec. 11, 2015, Docket Entry No. 18-16.)

On February 11, 2016, Plaintiff was served with a "notice of sale" notifying him that the sale was scheduled to take place on March 4, 2016. (Notice of Sale, Docket Entry No. 18-17.) On March 4, 2016, the Property was sold to DBNTC, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2004-WMC2. (Referee's Report of Sale, Docket Entry No. 18-18.) Defendants assert that the Foreclosure Proceeding is presently stayed by virtue of another order to show cause filed by Plaintiff. (Defs. Mem. 5.)

---

[2] Plaintiff does not attach the relevant state court documents to the Complaint. However, the Court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists and only relies on these documents to the extent they are relevant to the Court's jurisdictional inquiry. *See M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

Plaintiff alleges that Defendants (1) violated RESPA's prohibitions on kickbacks and fee sharing based on referrals for real estate settlement business, (Compl. ¶¶ 7–8), (2) violated New York General Business Law section 349 by engaging in deceptive and misleading practices during the mortgage process and the Foreclosure Proceeding, (*id.* ¶¶ 13–19), and (3) committed fraud, conspired to commit fraud, and acted "unscionab[ly]" by fraudulently inducing Plaintiff to enter into the mortgage, (*id.* ¶¶ 20–36). Plaintiff seeks damages and alternative forms of relief from the underlying Judgement of Foreclosure and Sale, including a stay of the sale of the Property, a declaration that the mortgage and foreclosure are "null and void," dismissal of the foreclosure action and an order vacating the Judgment of Foreclosure and Sale, or vacatur of the default judgment so that Plaintiff can "have fair trial at the court of law." (*See generally id.*; *id.* ¶¶ 37a–d.)

## II. Discussion

### a. Standard of review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *Chime v. Peak Sec.*

*Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." (citation omitted)); *see also DePrima v. N.Y.C. Dep't of Educ.*, No. 12-CV-3626, 2014 WL 1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

    b. **The R&R**

Judge Orenstein recommended that the Court decline to dismiss the Complaint for insufficient service of process but nevertheless grant the motion to dismiss the Complaint because Plaintiff's allegations were (1) barred by claim and issue preclusion based on prior federal and state actions, (2) barred by the respective statutes of limitations for each claim,[3] and (3) insufficient to state a claim for relief. (R&R 5–17.) Judge Orenstein also recommended that the Court *sua sponte* dismiss the claims against Defendants WMC Mortgage Corporation, John Messer and Juris Abstraction Corporation (the "Non-appearing Defendants") because the "cognizable claims against them are time-barred." (R&R 17 n.10.) No party has objected to the R&R.

    c. **RESPA claim**

The Court has reviewed the unopposed R&R as to Plaintiff's RESPA claim, and, finding no clear error as to the analyses of claim preclusion, statutes of limitations and Plaintiff's failure to state a claim, the Court adopts Judge Orenstein's recommendation to dismiss the RESPA claims on these grounds.

---

[3] Because Judge Orenstein found that Plaintiff's cause of action for "unconscionability" was not a cognizable cause of action, he did not address whether the claim was time-barred. (R&R 12 n.8.)

The Court declines, however, to adopt Judge Orenstein's recommendation that the Court dismiss Plaintiff's RESPA claim based on issue preclusion because there is no indication that the RESPA claim was raised in any state or federal litigation. Moreover, even if the issue was raised in the Foreclosure Proceeding, because the state court entered a default judgment against Plaintiff in that proceeding, the claims were not "actually litigated" as required for a determination of issue preclusion. *See Glob. Gold Mining, LLC v. Ayvazian*, 612 F. App'x 11, 15 (2d Cir. 2015) (holding that a defendant's "argument that [a] [d]efault [j]udgment had preclusive effect [was] meritless[,] because [i]ssue preclusion applies only where the issue was 'actually litigated' in the prior proceedings") (quoting *Wyly v. Weiss*, 97 F.3d 131, 141 (2d Cir. 2012)); *Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan*, 263 F.3d 196, 202 n.7 (2d Cir. 2001) (holding that a claim may not be issue precluded because the doctrine of issue preclusion "forecloses only those issues that have been actually litigated and determined in a prior action, and an issue is not actually litigated if there has been a default" (citation omitted)).

### d. Plaintiff's state law claims

In addition to the RESPA claim, Plaintiff alleges that Defendants violated New York General Business Law section 349 by engaging in deceptive and misleading practices during the mortgage process and the Foreclosure Proceeding, (Compl. ¶¶ 13–19), and committed fraud, conspired to commit fraud, and acted "unconscionab[ly]" by fraudulently inducing Plaintiff to enter into the mortgage, (*id.* ¶¶ 20–36). Because the Court dismisses Plaintiff's RESPA claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

A district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Alliance of Auto. Mfrs., Inc. v. Currey*, 610 F. App'x 10, 14 (2d Cir. 2015) (holding

that it was "not improper for the court to decline to exercise its supplemental jurisdiction" after it properly dismissed the plaintiff's constitutional claims); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." (alteration in original) (quoting *Castellano v. Bd. of Trustees*, 937 F.3d 752, 758 (2d Cir. 1991))).

Plaintiff's claims are before the Court based on federal question jurisdiction. (Compl. ¶ 2.) Because the Court adopts the R&R in part and dismisses the RESPA claim, the Court need not decide whether to adopt the recommendations for the remaining state law claims because the Court declines to exercise supplemental jurisdiction over those claims.[4]

---

[4] It is unclear whether the *Rooker-Feldman* doctrine, which prohibits federal review of state court decisions, deprives the Court of jurisdiction over Plaintiff's state law fraud and conspiracy to commit fraud claims. Unlike Plaintiff's RESPA claim which does not seek to undo the Judgment Foreclosure and Sale or challenge the Foreclosure Proceeding, to the extent Plaintiff, through his fraud and conspiracy to commit fraud claims, seeks a declaration that the mortgage is void or seeks relief from the Judgment of Foreclosure and Sale entered in 2008, (*see* Compl. ¶ 37), this Court has no jurisdiction to undo the Judgment of Foreclosure and Sale. *Compare Figueroa v. HSBC Bank USA, N.A.*, No. 16-CV-893, 2017 WL 1185263, at *3, 6 (N.D.N.Y. Mar. 29, 2017) (considering section 2607 RESPA claim on the merits despite argument that the claim was barred by *Rooker-Feldman*) *and McCann v. Rushmore Loan Mgmt. Servs. LLC*, No. 15-CV-6502, 2017 WL 1048076, at *3 (E.D.N.Y. Mar. 16, 2017) (explaining that federal courts examine RESPA claims on a case-by-case basis "to determine whether the claims asserted . . . were independent of the state court judgment" and finding that allowing the plaintiff in that case to recover RESPA damages "would not necessarily challenge the state court's decision") *with Mohamed v. World Sav. Bank, FSB*, No. 15-CV-5934, 2016 WL 8711440, at *4 (E.D.N.Y. Sept. 30, 2016) (finding that where the *pro se* plaintiff complained of "fraud in the inducement" of the mortgage and sought "a ruling that her mortgage is void due to fraud, her claims are barred by *Rooker-Feldman*" but that to the extent the claims sought damages and revision of the loan due to "failure to comply with federal statutes intended to protect borrowers / mortgagors" the claims were not barred) *and Webster v. Wells Fargo Bank, N.A.*, No. 08-CV-10145, 2009 WL 5178654 at *6 (S.D.N.Y. Dec. 23, 2009) (finding fraud claim barred by *Rooker-Feldman* where the plaintiff asked the court "to hold that the subject mortgage is void based on fraud in the inducement"), *aff'd* 458 F. App'x 23 (2d Cir. 2012) *and Figueroa*, 2017 WL 1185263, at *3–4 (finding that the plaintiff's claim for fraudulent misrepresentation in inducing her to enter into the mortgage was not barred by *Rooker-Feldman* to the extent it was solely a claim for damages — not vacatur of the foreclosure judgment — which the court could "determine without reviewing the propriety of the state court judgment" (citation omitted)).

### e. Non-appearing Defendants

The Court also adopts Judge Orenstein's recommendation that the Court *sua sponte* dismiss the RESPA claim against the Non-appearing Defendants. Although the Non-appearing Defendants have not appeared, answered the Complaint or moved to dismiss the Complaint, the reasons for dismissing the RESPA claim with prejudice against Defendants apply equally to the Non-appearing Defendants. *See Vondette v. McDonald*, No. 00-CV-6874, 2001 WL 1551152, at *1 n.2 (S.D.N.Y. Dec. 5, 2001) ("Although defendant Park has not joined in the other defendants' motions, this Court will nonetheless enter judgment dismissing the action as to all defendants, on its own motion." (first citing *Kaplan v. Bennett*, 465 F. Supp. 555, 566 n.18 (S.D.N.Y. 1979) and then citing *Raitport v. Chemical Bank*, 74 F.R.D. 128, 134 (S.D.N.Y. 1977))); *Raitport*, 74 F.R.D. at 134 ("No conceivable purpose can be served by awaiting the receipt of motion papers from the less diligent counsel. Indeed, all that will be accomplished is to increase the legal fees of defendants who should never have been sued in the first place."); *see also Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (noting that "[b]oth the Supreme Court and the Second Circuit have long held that courts may dismiss actions on their own motion in a broad range of circumstances where they are not explicitly authorized to do so by statute or rule").

Moreover, Plaintiff received notice that the claims against the Non-appearing Defendants could be dismissed when Judge Orenstein recommended that the Court dismiss the claims, but Plaintiff did not object to the R&R. *See Grant v. County of Erie*, 542 F. App'x 21, 24 (2d Cir. 2013) ("[A] district court may dismiss an action *sua sponte* for failure to state a claim so long as the plaintiff is given notice of the grounds for dismissal and an opportunity to be heard." (citing *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991))).

8

### III. Conclusion

For the reasons discussed above, the Court grants Defendants' motion to dismiss the RESPA claim with prejudice. The Court declines to exercise supplemental jurisdiction over the state claw claims and dismisses those claims without prejudice. The Clerk of Court is directed to close this case.

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: July 14, 2017
      Brooklyn, New York